UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br>v.<br><br>OMAR SOTOWADE,<br><br>                         Defendant. | Case No.: 17-cr-20-BEN<br><br>**ORDER DENYING MOTIONS TO REDUCE SENTENCE**<br>**[Dkt. Nos. 83 and 80]** |
|---|---|

On December 4, 2017, this Court sentenced Defendant Omar Sotowade to 72 months imprisonment and 5 years of supervised release for importation of 16.67 kilograms (actual) of methamphetamine in violation of 21 U.S.C. §952 and 960.

Defendant now moves for a reduction in sentence under 18 U.S.C. § 3582(c), arguing that the coronavirus pandemic, warrants a modification of his sentence. [Dkt. No. 83, filed April 13, 2020]. Title 18 U.S.C. § 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion only after he or she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion on his behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Here, the motion does not reflect that Defendant has petitioned the Bureau of Prisons to bring a motion on his behalf, and the Court therefore lacks jurisdiction to entertain the motion. *See United States v. Reid*, 2020 WL 1904598, at *4 (N.D. Cal. 2020) ("The Court cannot forgive the failure to exhaust, and without exhaustion, the

Court lacks jurisdiction over the motion."). A request based on different underlying facts cannot constitute exhaustion with respect to Defendant's current motion. *See United States v. Mogavero*, 2020 WL 1853754, at *2 (D. Nev. 2020) ("Proper exhaustion necessarily requires the inmate to present the same factual basis for the compassionate-release request to the warden.). Therefore, Defendant's Motion for a Reduction in Sentence [Dkt. No. 83] is denied. He may refile the motion after properly exhausting administrative remedies.

    Defendant also moves for a reduction in sentence under 18 U.S.C. § 3582(c), arguing that amendment 782 to the Sentencing Guidelines warrants a modification of his sentence. [Dkt. No. 80, filed May 13, 2019]. Section 3582(c)(2) establishes a two-step inquiry for sentence reduction proceedings. At the first step, the court decides eligibility for sentence reduction by determining whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission. *United States v. Hernandez-Martinez*, 933 F.3d 1126, 1130 (9th Cir. 2019), *cert. denied,* 140 S. Ct. 879, 205 L. Ed. 2d 491 (2020); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010). "The policy statement applicable to § 3582(c)(2), United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, authorizes a sentence reduction if, but only if, the retroactive amendment has the " 'effect of lowering the defendant's applicable Guidelines range.' " *Id.* (citing U.S.S.G. § 1B1.10(a)(2)(B)). To apply this policy statement, a court determines whether the Guidelines range is lowered by calculating the amended Guidelines range that would have been applicable to the defendant if the relevant Guidelines had been in effect at the time the defendant was sentenced. *Id*. But that determination is not the end of the eligibility inquiry. "Another provision of the policy statement—the one of principal relevance here—generally prohibits sentence reduction if the original term of imprisonment is below the lower end of the amended Guidelines range." *Id.* (citing § 1B1.10(b)(2)(A)).

    Defendant does not qualify for a sentence modification under amendment 782. His Guideline range of 168 to 210 months was calculated on a base offense level of 38 for

importation of 16.67 kilograms of methamphetamine (actual).  The amended Guidelines did not change the base offense level for this quantity of methamphetamine.  Moreover, Defendant was sentenced far below (and more than two levels below) the low-end of the Guideline range as calculated. A two level reduction in the base offense level would have made no difference.  Therefore, Defendant's Motion for Reduction in Sentence [Dkt. No. 80] is denied.

IT IS SO ORDERED.

DATED: May 13, 2020

_____
HON. ROGER T. BENITEZ
United States District Court Judge